UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHON A. OLES,

                Plaintiff,

-against-

LISA SAUER, *et al.*,

                Defendants.

---

19-CV-8865 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated at Sullivan County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants denied him necessary medical attention. By order dated November 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## I. ORDER OF SERVICE

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants (1) Lisa Sauer, (2) Wayne Altman, (3) Wendy Moore, (4) John Linen, (5) Martin Davis, (6) Maureen Johnson, (7) Christopher Bini, (8) Dale Frasier, (9) Oscar Rodriguez, (10) Richard Burke, (11) Saul Carranza, and (12) Louis Torres through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II.  ORDER DENYING PRO BONO COUNSEL

Plaintiff, by application dated September 13, 2019, has requested that the Court appoint pro bono counsel. (ECF No. 3.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant

2

by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff's instant request for *pro bono* counsel cannot be granted at such an early stage in the litigation. Plaintiff's application for appointment of *pro bono* counsel demonstrates that this is his first request. This case was only filed a few months ago, defendants have not yet been served or responded to the pleadings, and no party has appeared or requested to appear before the Court. At this early stage in the proceedings, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order, together with an information package, to Plaintiff at his address as listed on ECFand to show proof of service on the docket.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Sauer, Altman, Moore, Linen, Davis, Johnson, Bini, Frasier, Rodriguez, Burke, Carranza, and Torres and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the Clerk of the Court is directed to terminate the motion at ECF No. 3.

Dated: November 14, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

4

## DEFENDANTS AND SERVICE ADDRESSES

1. Lisa Sauer FNP
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

2. Wayne Altman RN
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

3. Wendy Moore RN
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

4. John Linen RN
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

5. Martin Davis RN
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

6. Maureen Johnson RN
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

7. Lieutenant Christopher Bini
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

8. Dale Frasier, Kitchen Manager
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

9. Oscar Rodriguez, Cook
   Sullivan County Jail
   4 Bushnell Avenue
   Monticello, NY 12701

10. Richard Burke, Cook
    Sullivan County Jail
    4 Bushnell Avenue
    Monticello, NY 12701

11. Saul Carranza, food service helper
    Sullivan County Jail
    4 Bushnell Avenue
    Monticello, NY 12701

12. Louis Torres, food service helper
    Sullivan County Jail
    4 Bushnell Avenue
    Monticello, NY 12701