UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____             │
│ DATE FILED:  4/22/2022               │
└─────────────────────────────────────┘
```

JONATHON A. OLES,

                                    Plaintiff,

        -against-

LISA SAUER, FNP, Individual and Official;
WENDY MOORE, RN, Individual and Official;
WAYNE ALTMAN, RN, Individual and Official;
et al.,

                                    Defendants.

No. 19-CV-8865 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Jonathon A. Oles ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983

("Section 1983") alleging violation of the Fourteenth Amendment against Family Nurse

Practitioner Lisa Sauer, Nurse Wendy Moore, Nurse Wayne Altman, Nurse John Linen, Nurse

Martin Davis, Nurse Maureen Johnson (together, the "Nurse Defendants"), Kitchen Manager Dale

Fraser, Cook Oscar Rodriguez, Cook Richard Burke, Food Service Helper Saul Carranza, Food

Service Helper Louis Torres, (together, the "Kitchen Defendants"), and Lieutenant Christopher

Bini (all together, the "Defendants"). Before the Court are the Nurse Defendants' motion to

dismiss, the Kitchen Defendants' motion to dismiss, and Lieutenant Bini's motion to dismiss.

(ECF Nos. 45, 48 & 60.) For the following reasons, the motions are GRANTED.

## BACKGROUND

        The following facts are taken from the Complaint, as well as Plaintiff's February 14, 2020

letter in opposition to Defendants' request for leave to file a motion to dismiss (the "Letter", ECF

No. 40)[1], and are construed in the light most favorable to Plaintiff, the non-movant, and accepted

---

[1] The Court construes Plaintiff's letter and exhibits as supplementing the Complaint. "While a court
generally 'may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss . . . the mandate to

as true for purposes of this motion.

Plaintiff is a pretrial detainee at Sullivan County Jail ("SCJ").  (Compl. at 3; 11.)  Plaintiff suffers from "acute gastritis" and a "hintle hernia", and he is prescribed medication that he takes a half hour before meals.  (*Id*. at 5.)  On April 15, 2018, Plaintiff was brought to SCJ and advised Nurse Moore about his condition and medications during the intake process.  (*Id*. at 16.)  For the month he was incarcerated, his medication was "improperly administered."  (*Id*.)  Plaintiff states that his medication is always provided to him late and is sometimes forgotten.  (*Id*. at 5.)  Without his medication, Plaintiff suffers severe abdominal pain.  (*Id*.)

Plaintiff returned to SCJ on February 21, 2019 and Nurse Moore again did Plaintiff's intake.  (*Id*. at 17.)  Plaintiff provided the same conditions and medications, but his medications and diet were "altered to suit the facility."  (*Id*.)  Plaintiff claims he complained of chest and abdominal pain for months and wrote several letters, but was ignored.  (*Id*.)

Plaintiff was supposed to be provided a specific diet to help with his medical issues, but he claims the kitchen staff was not qualified to create and maintain his medical diet, and also intentionally messed up the special diet trays.  (*Id*.)  Specifically, Plaintiff claims Rodriguez, Burke, Carranza, and Torres follow Fraser's instructions in preparing his dietary trays, and Fraser has resisted meeting Plaintiff's dietary needs.  (*Id*. at 14.)  When he complained about incorrect food items, the staff would fail to rectify the situation.  (*Id*. at 18.)

The medical staff does not keep track of his medication and fails to inform the kitchen of his diet needs, and the kitchen department does not follow his physicians' recommendations and serves "inadequate and harmful" food.  (*Id*. at 5.)  Specifically, Plaintiff alleges (i) Moore recorded

---

read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials . . . .'" *Brown* v. *New York City Hous. Auth*., No. 05-CV-10332(VM), 2006 WL 1378599, at *1 n.2 (S.D.N.Y. May 17, 2006) (quoting *Burgess* v. *Goord*, No. 98-CV-2077(SAS), 1999 WL 33458, at *1 (S.D.N.Y. Jan. 26, 1999)).

incorrect information in his intake records and refused to treat his severe stomach pain three days before he had to visit the emergency room; (ii) Altman refused to treat his stomach pain per Moore's instructions and is late in administering his afternoon medication; (iii) Davis refused to deliver his medications after being asked; (iv) Linen, Sauer, and Johnson bring his medication late and always have an excuse; and (v) Linen forgets Plaintiff's medication and gives out insufficient dosages of his dietary support.  (*Id*. at 13-14.)

He states administration, including Lieutenant Bini, was made aware of his complaints and has "avoided the subject" or "made excuses for their staff."  (*Id*. at 5; 13.)  Plaintiff claims he has suffered from multiple symptoms due to his untreated gastritis, including vomiting, fainting, and excessive sweating.  (Letter at 2-4.)  Plaintiff was taken to the emergency room for stomach and chest pains due to an insufficient dosage of his medication and the substandard food.  (Compl. at 5.)  As a result, his medication was increased, and he has pain and anxiety daily.  (*Id*.)

Plaintiff filed suit on September 24, 2019.  (ECF No. 2.)  The Nurse Defendants, Kitchen Defendants, and Lieutenant Bini were granted leave to file motions to dismiss on March 29, 2021. (ECF No. 44.)  The Nurse Defendants and the Kitchen Defendants filed their motions on July 15, 2021 (ECF Nos. 45 & 48), and Lieutenant Bini filed his motion on April 22, 2022[2] (ECF No. 60.) Plaintiff did not file any oppositions.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court

---

[2] While Lieutenant Bini did not file his motion on the docket until April 22, 2022, he previously sent the Court courtesy copies of his motion papers.

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a motion to dismiss is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).  While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted).  Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

4

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("Section 1983 . . . is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred.") (internal quotation marks omitted). To state a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013).

Reading the Complaint liberally, Plaintiff alleges violations of the Constitution pursuant to Section 1983 for conditions of confinement related to food and medical care. (Compl. at 5.) The Court analyzes Plaintiff's claims under the Due Process Clause of the Fourteenth Amendment because, as noted above, Plaintiff was a pretrial detainee, and a "pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

The Fourteenth Amendment requires that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Grant-Cobham v. Martinez*, No. 20-cv-1947 (BMC) (LB), 2020 WL 2097807, at *2 (E.D.N.Y. May 1, 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994)). To set forth a Section 1983 claim for conditions of confinement, a

plaintiff must show that an individual "acted with deliberate indifference to the challenged conditions." *Sanders v. City of New York,* No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018) (citing *Darnell*, 849 F.3d at 29). This deliberate indifference test is a two-pronged test, that contains an objective prong and a subjective prong. *Darnell*, 849 F.3d at 29.

For the first prong—the "objective prong"—a plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health . . . ." *Darnell*, 849 F.3d at 30. "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)).

Under the second prong—the "*mens rea* prong"—which is defined objectively, a plaintiff must plausibly allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Without more, mere "knowledge and acquiescence" to unconstitutional conduct, or "mere failure to act on a complaint," fails to state a claim under this standard. *Smith v. Westchester Cty.*, No 19-CV-03605 (NSR), 2021 WL 2856515, at *7 (S.D.N.Y. July 7, 2021) (internal quotation marks omitted).

## I.   Personal Involvement

As an initial matter, the Kitchen Defendants and Lieutenant Bini argue that Plaintiff has failed to show the personal involvement of each defendant. (Defendants' Memorandum of Law in Support of Motion ("Kitchen Mem.") ECF No. 51 at 5-7; Memorandum of Law in Support of Defendant Bini's Motion to Dismiss the Complaint Pursuant to Rule12(b)(6) ("Bini Mem.") ECF No. 60 at 4-5.) "It is well settled that . . . to establish a defendant's individual liability in a suit

brought under § 1983, a plaintiff must show, <u>inter alia</u>, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  "[T]here is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Tangreti v. Bachmann*. 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Accordingly, here, to hold the Kitchen Defendants and Lieutenant Bini liable under Section 1983, Plaintiff must allege that each individual defendant meets all of the elements required for each claim.

Here, the Kitchen Defendants aver that Plaintiff's allegations involving the "Kitchen staff" or "the Kitchen" are general conclusory allegations regarding the meals he has received.  (Kitchen Mem. at 6.)  The Court agrees.  The only section of the Complaint that discusses the individual Kitchen Defendants states that Rodriguez, Burke, Carranza, and Torres follow Fraser's instructions in preparing his dietary trays, and that Fraser has "relayed his resistance to [his] dietary needs to officers on kitchen duty as well as to medical RNs." (Compl. at 14.)  However, Plaintiff has failed to include factual allegations showing that any individual Kitchen Defendant affected the conditions of his confinement.  Merely alleging that the Kitchen Defendants work in the kitchen and that he receives inadequate meals is insufficient for a constitutional claim.  *See Rivera v. Viger,* No. 3:21-cv-00470 (VAB), 2021 WL 3269095, at *3 (D Conn. July 30, 2021) ("To the extent that Rivera asserts his allegations against the entire staff of the DOC, his claim is insufficient as conclusory with allegations failing to raise an inference that all DOC staff members acted with deliberate indifference to his health and safety."); *Cavico v. Steuben County Jail*, No. 6:18-CV-06329 EAW, 2018 WL 11317396, at *4 (W.D.N.Y. Aug. 27, 2018) ("Should Plaintiff . . . wish to name as defendants the individuals who were responsible for the alleged constitutional violations, he must set forth allegations of a factual nature which establish both personal involvement of an

individual staff member and that person's deliberate indifference . . . .").  Further, the allegation that Fraser has resisted Plaintiff's dietary needs does not support Plaintiff's allegations that Fraser actually did anything to affect the food trays provided to him.  Therefore, Plaintiff has failed to allege the personal involvement of the Kitchen Defendants, which is fatal to his claims against them.

Similarly, Plaintiff has failed to allege any facts involving Lieutenant Bini.  As there is no supervisory liability under Section 1983, the fact that Lieutenant Bini may have received complaints from Plaintiff about the food or his medical treatment is insufficient to show his personal involvement.  *See Smart v. Annucci*, No. 19-CV-7908 (CS), 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021) ("That [the defendants] failed to act on Plaintiff's complaints . . . cannot support the inference that these Defendants, through '[their] own individual actions, [have] violated the Constitution.'") (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 615 (2d Cir. 2020)); *Rivera v. Bloomberg*, No. 11-CV-629, 2012 WL 3655830, at *6 (S.D.N.Y. Aug. 27, 2012) ("Even if the [c]omplaints could be read to suggest that [the] [c]ommissioner . . . failed to act, a prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official exhibited deliberate indifference by failing to act on information indicating that the violation was occurring.").

Accordingly, the claims against the Kitchen Defendants and Lieutenant Bini are dismissed.

## II.   Deliberate Indifference to Medical Needs

Plaintiff alleges that the Nurse Defendants were deliberately indifferent to his medical needs.  To successfully allege a Section 1983 claim, a plaintiff must allege facts showing he or she had a "sufficiently serious" medical need.  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  The serious medical needs standard contemplates a "a condition of urgency, one that may produce

death, degeneration, or extreme pain." *Id.* (citing *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting)).

> In determining whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, [courts] consider factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain.

*Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  Where a plaintiff has alleged deliberate indifference to medical needs that is premised on "a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone" in analyzing the nature of the deprivation. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702 (emphasis in original)).

As discussed above, "deliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind."  *Charles*, 925 F.3d at 86 (citing *Darnell*, 849 F.3d at 33–34).  It is well-settled that "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim."  *Sanders v. Laplante*, No. 3:19-CV-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019) (citing *Clay v. Kellmurray*, 465 F. App'x 46, 47 (2d Cir. 2012)); *see also Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

Here, Plaintiff's claim fails under the *mens rea* prong. First, the majority of Plaintiff's allegations involve his medication being forgotten or late.  Specifically, he alleges (i) Altman is "consistently late with administering [his] afternoon medication prior to dinner"; (ii) Davis told

him medications were not distributed before lunch and dinner; (iii) Linen is "always late with medication" and has also forgotten to deliver it; and (iv) Sauer stated Plaintiff's medications are late because he does not remind the medical staff that he needs them before lunch.  (Compl. at 13-14.)  However, all of these allegations show no more than mere negligence, which is insufficient to show deliberate indifference.  *See Evans v. Bonner*, 196 F. Supp. 2d 252, 256 (E.D.N.Y. Mar. 27, 2002) (holding one defendant's "failure to deliver the medications on time . . . could at most be found to be negligence."); *Burns v. Head Jailor of La Salle County Jail*, 576 F. Supp. 618, 620 (N.D. Ill. 1984) ("Burns assails defendants' failure to provide him medicine when needed.  He alleges at times defendants either ran out of medicine or were late in delivering his medicine to him . . . Burns alleges only an occasional oversight, which he himself attributes to defendants' negligence.").  Plaintiff has failed to allege facts showing that any of the Nurse Defendants knew or should have known that the failure to provide his medications on schedule posed an excessive risk to his health or safety.  Therefore, the claims against Defendants Linen, Sauer, and Johnson are dismissed.

Second, Plaintiff's allegations involving Moore and Altman are too conclusory to survive a motion to dismiss.  The only specific allegations against Moore are that he recorded "[i]ncorrect information" during intake and "refused relief for stomach pain (severe)" and the only allegation involving Altman is that he "refused stomach pain relief as per [Moore's] instruction."  (Compl. at 13.)  Plaintiff fails to allege facts showing what he told Moore or Altman about his condition at the time he was allegedly in pain, and what relief he was seeking.  Without this information, the Court cannot hold that Moore or Altman intentionally or recklessly failed to act with reasonable care.

Accordingly, Plaintiff's claim against the Nurse Defendants is dismissed.

**CONCLUSION**

For the foregoing reasons, the Nurse Defendants' motion to dismiss, the Kitchen Defendants' motion to dismiss, and Lieutenant Bini's motion to dismiss are GRANTED.  Plaintiff is granted leave to file an Amended Complaint consistent with this Opinion and Order on or before, May 30, 2022.  An Amended Civil Rights Complaint form is attached to this Order.  Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Complaint with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 45, 48 and 60.  The Clerk of Court is further respectfully directed to mail a copy of this Opinion & Order to the *pro se* Plaintiff at the address listed on ECF, and to show proof of service on the docket.

Dated:   April 22, 2022                                            SO ORDERED:
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                     Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                     Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                      Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Prison Address |

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____